IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JEROME HOGAN**,

**Plaintiff,**

**v.**

**WAL-MART STORES INC.,**

**Defendant.**                                                    **No. 07-0143-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Procedural Background

Pending before the Court is Defendant's motion to bar testimony (Doc. 21). Specifically, Defendant moves to bar Plaintiff from eliciting any opinion testimony that was not disclosed by Plaintiff including any testimony regarding past and future lost wages, lost profits, economic losses, missed business opportunities, and for compensation for business equipment because Plaintiff failed to disclose any expert opinions regarding these topics and any testimony by any witness stating that the alleged incident cause a non-union disrupted or caused a failed laminectomy in Plaintiff's spine because there is no foundation for such an opinion. Plaintiff opposes the motion (Doc. 23). Based on the following, the Court denies the motion.

This case arises out of a trip and fall at one of Wal-Mart's stores in Highland, Illinois. Specifically, Hogan alleges that on September 23, 2003, while at Defendant's Highland, Illinois store, he "sustained an injury to his person when he

tripped over a battery which had been placed on the floor adjacent to the service technician's desk causing him to fall and strike his head against the wall and anti-theft device." (Doc. 2; Complaint, p.2 ¶ 5). Originally, Hogan sued Wal-Mart Stores, Inc. ("Wal-Mart") for negligence in the Madison County, Illinois Circuit Court. (Doc. 2; Complaint).[1] Thereafter on February 22, 2007, Wal-Mart removed the case to this Court based on diversity jurisdiction, **28 U.S.C. § 1332** (Doc. 2).

## II. Analysis

First, Wal-Mart moves the Court to bar Hogan from eliciting any opinion testimony that was not disclosed by Hogan, including any testimony regarding past and future lost wages, lost profits, economic losses, missed business opportunities and for compensation for business equipment. Wal-Mart contends that the discovery deadline passed on April 8, 2008 and that Hogan did not disclose any economic experts, vocational rehabilitationist or other experts who might be competent to testify concerning these issues. Hogan counters that Wal-Mart's motion is misplaced as he does not intend to rely on expert evidence to prove economic loss, nor is he required to do so. Specifically, Hogan states that he is not making a claim for past or future lost wages or lost profits (Doc. 23, p. 7). As to the issue of economic losses, Hogan maintains that he is competent to testify on these matter and has satisfied the Rule 37(c)(1) and 26(a) initial disclosures, answers to interrogatories

---

[1] The Court cannot ascertain the exact date the Hogan filed suit against Wal-Mart. The file mark copy on the Complaint is so faint that the Court cannot make out the date. However, it is clear to the Court that it was filed sometime in 2006, as its state court cause number is 06-L-1076.

and deposition testimony. Based on the reasons stated in the motion, the Court agrees with Hogan. As to Hogan's opinion testimony as to the value of the restaurant equipment, the Court finds that Hogan is competent to testify under Federal Rule of Evidence 701 as to the issue of economic losses.

Second, Wal-Mart moves to bar any testimony at trial that the alleged incident in this case caused a disruption, non-union or failure of Plaintiff's prior spinal surgeries because there is no foundation for this opinion. Wal-Mart argues that the most recent x-ray of Hogan's back taken prior to the alleged incident showed that there was a non-union; that Hogan had an apparent fragmentation of the interbody fusion graft at L-3-4, but also that he had an increased spondylolisthesis of L3 and L4 of one centimeter compared to an x-ray taken on May 28, 2003. Further, Wal-Mart argues that Hogan is a documented smoker and there is literature that states smoking hinders bone development after a spinal fusion. The Court denies Wal-Mart's motion. The motion does not identify which expert it intends to exclude and the particular reasons for the exclusion. Wal-Mart's motion is too broad and undeveloped to warrant the Court entertain a motion barring this type of evidence. At the very least, the Court would have to review the entire deposition of each expert in question and review their reports. None of which have been provided. Due to this insufficiency, the Court denies the motion.

### III. Conclusion

Accordingly, the Court **DENIES** Defendant's motion to bar testimony (Doc. 21).

**IT IS SO ORDERED.**

Signed this 9th day of September, 2008.

/s/     DavidRHerndon
**Chief Judge
United States District Court**