IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JEROME HOGAN**,

**Plaintiff,**

**v.**

**WAL-MART STORES INC.,**

**Defendant.**  No. 07-0143-DRH

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Wal-Mart Stores, Inc.'s motion to bar any claim that Plaintiff 's seventh back surgery was caused by the alleged incident (Doc. 34). Specifically, Wal-Mart argues that there is an insufficient foundation upon which to base an opinion or allegation that Plaintiff's alleged incident caused the nonunion at L3-4 of his spine that necessitated the lumbar spine injury by Dr. George Bailey two years after the alleged incident. Wal-Mart maintains that the medical records establish that the nonunion existed prior to the September 2003 fall. Plaintiff opposes the motion arguing that the motion to bar should be denied as he has presented sufficient evidence that the fall at Wal-Mart caused an aggravation of the L3-4 nonunion and necessitated the revision surgery. Plaintiff contends that Dr.

Gregory M. Bailey, an orthopedic surgeon, testified on September 10, 2009 to a reasonable degree of medical certainty that the September 2003 fall at Wal-Mart "could certainly have exacerbated the development of nonunion at the L3-4 level. Enough forces were probably transmitted across the disc space to become symptomatic and ultimately require a fair invasive surgical procedure."

The admissibility of expert testimony in federal court proceedings is governed by **FEDERAL RULE OF EVIDENCE 702**, as interpreted by the Supreme Court in ***Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993)**. ***Daubert*** requires the trial judge perform a gatekeeping function with respect to expert testimony. The trial judge must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." ***Id.* at 589**, an inquiry required also for technical and other specialized expert testimony. ***See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999)**. The Seventh Circuit, interpreting ***Daubert***, has established that when evaluating the admissibility of the proffered testimony, district courts are to undertake a two-step inquiry:

> Daubert first "directs the district court to determine whether the expert's testimony pertains to scientific knowledge. This task requires that the district court consider whether the testimony has been subjected to the scientific method; it must rule out 'subjective belief or unsupported speculation.'" Second, the district court must "determine whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue. That is, the suggested scientific testimony must 'fit' the issue to which the expert is testifying."

*O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1106 (7th Cir. 1994) (quoting *Porter v. Whitehall Labs., Inc.*, 9 F.3d 607, 613 (7th Cir. 1993)(citations omitted)).

While the Supreme Court did "not presume to set out a definitive checklist or test," it did list several factors that should be considered including: (1) whether a scientific theory or technique has been or can be tested; (2) whether the scientific theory has been subjected to peer evaluation and publication; (3) the actual or potential error rate and existence of any standards controlling the technique's operation; and (4) whether the theory has been generally accepted in a particular field. *Daubert*, 509 U.S. at 595. The test of reliability, however, is flexible and there is no requirement that the district judge consider each one of the factors when making an admissibility ruling. *Id.*; *Bourelle v. Crown Equip. Corp.*, 220 F.3d 532, 535 (7th Cir. 2000).

The purpose of the rule in *Daubert* "was to make sure that when scientists testify in court they adhere to the same standards of intellectual rigor that are demanded of their professional work." *Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 318 (7th Cir.), *cert. denied*, 519 U.S. 819 (1996). FEDERAL RULE OF EVIDENCE 703 explicitly permits reliance on material "reasonably relied upon by experts in the particular field forming opinions or inferences." FED. R. EVID. 703. "[Seventh Circuit] case law has recognized that experts in various fields may rely properly on a wide variety of sources and may employ a similarly wide choice of

methodologies in developing an expert opinion." **Cooper v. Nelson, 211 F.3d 1008, 1020 (7th Cir. 2000)**. An expert must be limited to opinion testimony in the area of expertise for which the proffering party can qualify the expert. **Goodwin v. MTD Products, Inc., 232 F.3d 600 (7th Cir. 2000)**. Once qualified, expert can testify to his or her area of expertise, regardless of whether the expert is prepared to offer an opinion as to the ultimate issue. **Smith v. Ford Motor Company, 215 F.3d 713 (7th Cir. 2000)**.

The Court finds that Dr. Bailey's testimony is sufficiently reliable and will assist the trier of fact in understanding the evidence or determining a fact in issue, as required by **Daubert**. Moreover, as one of Hogan's treating physicians, Dr. Bailey may testify to the relationship of his injuries to the alleged incident. Likewise, Dr. Bailey's proposed testimony relates to the facts at issue. Clearly, this is a question of fact for the jury to determine. Any attack by Wal-Mart as to the weight of Dr. Bailey's testimony is a subject appropriate for cross examination.

Accordingly, th Court **DENIES** the motion to bar any claim that Plaintiff's seventh back surgery was caused by the alleged incident.

**IT IS SO ORDERED.**

Signed this 5th day of November, 2009.

/s/   DavidRHerndon
**Chief Judge
United States District Court**