IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEROME HOGAN** )  | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. **07-143-CJP** |
| v. ) | |
| ) | |
| **WAL-MART STORES INC.,** ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendants' Motion in Limine to Bar the Opinion of the Labor and Industrial Relations Commission of Missouri.  **(Doc. 53)**.  The Court has considered plaintiff's response **(Doc. 55)** and defendant's reply **(Doc. 57)**.

This motion relates a portion of the cross-examination of defendant's expert witness, R. Peter Mirkin, M.D.  Dr. Mirkin was deposed on November 20, 2009.  The portion of the deposition at issue is pages 42 through 52, attached to Doc. 53 as Ex. 1.

Dr. Mirkin is an orthopedic surgeon who was retained by defendant to review plaintiff's medical records and to give his expert opinion regarding the injuries caused by the accident at issue and whether plaintiff's subsequent medical treatment was necessitated by the accident.

On cross-examination, plaintiff's counsel asked Dr. Mirkin a series of questions about a 2001 decision of the Missouri Labor and Industrial Relations Commission in a worker's compensation claim brought by one Patricia Abodi.  Dr. Mirkin testified in that case on behalf of Ms. Abodi's employer.  The *Abodi* decision is attached to Doc. 55 as Ex. B.

In the *Abodi* decision, two of the three Commissioners found that Dr. Mirkin's opinion as to causation of the claimant's injuries was not credible.  The third Commissioner filed a

1

dissenting opinion in which he found that Dr. Mirkin's opinion was credible.  The majority in *Abodi* referred to a previous decision in a case called *Ottinger*, in which a two Commissioner majority found that Dr. Mirkin's testimony about causation was not credible.  The *Ottinger* decision is attached to Doc. 55 as Exhibit C.  In *Ottinger*, as in *Abodi*, one Commissioner filed a dissenting opinion which found Dr. Mirkin's testimony as to causation to be credible.

Defendant objects to the examination about the *Abodi* and *Ottinger* decisions on the basis that the Commission's decisions about Dr. Mirkin's credibility are inadmissible hearsay, and the admission of such evidence would violate the principle that determining the credibility of witnesses is the province of the jury.  It also objects because the Commission's opinions were not previously disclosed.  Lastly, defendant objects that the admission of the *Abodi* and *Ottinger* decisions will open the floodgates to evidence of other Commission decisions which have found Dr. Mirkin's testimony to be credible, and result in a "mini-trial" on Dr. Mirkin's credibility.

In response, plaintiff argues that evidence of the *Abodi* and *Ottinger* decisions is admissible under Fed.R.Evid. 803(8)(c).  That Rule provides an exception to the hearsay rule for public records and reports setting forth "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

The Court finds that the statements of the Missouri Labor and Industrial Relations Commission regarding Dr. Mirkin's credibility are hearsay.  The Court further concludes that those statements are not rendered admissible by virtue of Rule 803(8)(c).

It is true that public records or reports are not rendered inadmissible under the Rule simply because they contain opinions or conclusions as well as factual findings.  **Beech Aircraft**

*Corporation v. Rainey*, **109 S. Ct. 439, 447-450 (1988).** However, plaintiff has not cited any case in which the opinion of a judge, administrative law judge or commissioner as to the credibility of a witness in a wholly unrelated proceeding was held to be admissible under Rule 803(8)(c).

In *Beech Aircraft*, the Supreme Court noted that "safeguards built into other portions of the Federal Rules, such as those dealing with relevance and prejudice, provide the court with additional means of scrutinizing and, where appropriate, excluding" public records. *Beech Aircraft*, **109 S.Ct. at 449**. Further, the admission of such a report is "subject to the ultimate safeguard - the opponent's right to present evidence tending to contradict or diminish the weight of those conclusions." *Ibid*.

In some circumstances, a public record containing an opinion as to an expert witness' credibility might be admissible under Rule 803(8)(c). However, in this case, the Court finds that the decisions of the Missouri Labor and Industrial Relations Commission are of limited relevance, and their limited relevance is substantially outweighed by their prejudicial effect, and by the danger of confusion of the issues, undue delay, waste of time, and presentation of cumulative evidence. Fed.R.Evid. 403.

If the Court were to permit plaintiff to present evidence that the Missouri Commission has found Dr. Mirkin's testimony to be not credible in two cases, the door would be opened to defendant to present evidence of other decisions wherein Dr. Mirkin's testimony was accepted by a tribunal. According to defendant, there are three such cases from the Commission, along with one case in which District Judge Henry Autrey of the Eastern District of Missouri accepted Dr. Mirkin's testimony as credible. See, Doc. 53, p. 7. Further, the door would be opened to a

3

reexamination of the correctness of the credibility findings in all those other cases. These matters are tangential, at best, to the issues presented in this case.

For the foregoing reasons, Defendants' Motion in Limine to Bar the Opinion of the Labor and Industrial Relations Commission of Missouri **(Doc. 53)** is **GRANTED**. The material on pages 42 through 52 of Dr. Mirkin's deposition shall not be presented to the jury, and evidence of the statements about Dr. Mirkin's credibility contained in opinions of the Missouri Labor and Industrial Relations Commission shall be excluded at trial.

**IT IS SO ORDERED.**

**DATE:  February 18, 2010.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE**
